# Exhibit A

STATE OF NEW YORK
SUPREME COURT       COUNTY OF HERKIMER
-------------------------------------------------------------x
TAUBERT ELECTRIC MOTORS, LLC,

               Plaintiff,

vs.

LIBERTY MUTUAL INSURANCE COMPANY and
OHIO SECURITY INSURANCE COMPANY,

               Defendants.
-------------------------------------------------------------x

INDEX NO.: EF 2023-110810
Date Purchased:
Plaintiff Designates:
Herkimer County as the
Place of Trial
The Basis of the Venue is
CPLR

**SUMMONS**

Plaintiff resides in County of
Herkimer, State of New York

TO THE ABOVE-NAMED DEFENDANT:

**LIBERTY MUTUAL INSURANCE COMPANY and
OHIO SECURITY INSURANCE COMPANY**

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: September 6, 2023

                                                Gustave J. DeTraglia, Jr., Esq.
                                                *Attorney for the Plaintiff*
                                                DETRAGLIA LAW OFFICE
                                                1425 Genesee Street
                                                Utica, New York 13501
                                                Telephone: 315-738-1133

TO:   Liberty Mutual Insurance Company
        Ohio Security Insurance Company
        175 Berkeley Street
        Boston, MA 02116

1

STATE OF NEW YORK
SUPREME COURT    COUNTY OF HERKIMER
-----------------------------------------------------------------x
TAUBERT ELECTRIC MOTORS, LLC,

            Plaintiff,                                    **COMPLAINT**

    vs.                                                  INDEX NO. EF 2023-1108|0

LIBERTY MUTUAL INSURANCE COMPANY and
OHIO SECURITY INSURANCE COMPANY,

            Defendants.
-----------------------------------------------------------------x

The Plaintiff, by and through its attorney, Gustave J. DeTraglia, Jr., Esq., respectfully shows to this Court and sets forth as follows:

1. That the Plaintiff, at all times hereinafter mentioned, was and still is a limited liability company, doing business in the County of Herkimer and State of New York.

2. That upon information and belief, and at all times hereinafter mentioned, the Defendants, Liberty Mutual Insurance Company and Ohio Security Insurance Company, was and still is a property and casualty insurance company duly organized, existing and incorporated under and by the virtue of the laws of the State of New York, and at all times herein mentioned was authorized to do business in the State of New York.

3. That at all times hereinafter mentioned, Defendants, Liberty Mutual Insurance Company and Ohio Security Insurance Company, issued its policy of insurance to the Plaintiff herein, covering business property and business interruption, as well as other coverages, covering property and the business located at 148 Industrial Park Drive, Frankfort, NY 13340, under policy number BKS (22) 58 09 84 30.

2

4. That on or about the 15th day of September, 2021, while the policy was in full force and effect, there was a fire at the premises leased by the Plaintiff, which caused to damage to the business property and resulted in business interruption lost to the Plaintiff, as well as other covered losses to the Plaintiff, and other damages, in the sum of approximately $400,000.00, or the appropriate amount to be determined by the Court.

5. That as a direct result of the fire damage to Plaintiff's property and business interruption, the Plaintiff has damages still outstanding, in the sum of approximately $400,000.00, plus interest, costs, and for such other, further and different amount as may be determined by the Court.

6. That at all times herein mentioned, the Plaintiff had an insurable interest in the aforesaid property as the owner thereof.

7. That immediately after the loss, the Plaintiff gave proper notice of the damage to the Defendants, Liberty Mutual Insurance Company and Ohio Security Insurance Company.

8. That the Plaintiff has fully performed all of the terms and conditions required under the policy of insurance.

9. That the Defendants, Liberty Mutual Insurance Company and Ohio Security Insurance Company, failed and refused to comply with the requirements of the policy of insurance with regard to the Plaintiff's business property and business interruption, and to the contrary have breached said policy, in that said Defendants, Liberty Mutual Insurance Company and Ohio Security Insurance Company, has failed and has refused to pay the full amount due and owing to the Plaintiff for its damages, leaving

a balance due and owing to the Plaintiff for the approximate sum of $400,000.00, or the appropriate amount to be determined by the Court.

10. That this action has been commenced within two years from the time of the loss.

11. That by reason of the foregoing, the Defendants, Liberty Mutual Insurance Company and Ohio Security Insurance Company, is now indebted to the Plaintiff for $400,000.00, plus any additional damages available under the policy of insurance or the appropriate amount to be determined by the court plus interest and costs.

**WHEREFORE,** Plaintiff demands judgment against the Defendants, Liberty Mutual Insurance Company and Ohio Security Insurance Company, on the first cause of action, in the sum of $400,000.00, plus interest and costs, or an appropriate amount to be determined by the Court, together with disbursements and such other, further and different relief to which the Plaintiff may be entitled in law or in equity, together with all incidental and consequential damages as a result of the Defendants' breach of a good faith duty to fairly and accurately resolve all claims, and in the further alternative for an Order declaring that the Defendants must cover the Plaintiff's loss, and for an Order referring the above entitled matter for the appraisal method to determine damages, together with such other further and different relief as to the Court may seem just and proper.

Dated: September 6, 2023

Gustave J. DeTraglia Jr., Esq.
*Attorney for the Plaintiff*
DETRAGLIA LAW OFFICE
1425 Genesee Street
Utica, New York 13501
Telephone: 315-738-1133

4

## ATTORNEY CERTIFICATION

I, GUSTAVE J. DETRAGLIA, JR., ESQ., HEREBY CERTIFY, under penalty of perjury, that I have no actual knowledge that the substance of any statements of fact contained in the annexed document are false. This Certification is based solely and exclusively upon information provided by the client, and upon the client's information is not false and is not based upon any review, audit, examination, inquiry or investigation made by the undersigned attorney, or by anyone acting on behalf of said attorney.

PLEASE TAKE NOTICE that this Certification is made by the attorney as an officer of the Court and is directed solely and exclusively to the Court in accordance with 22 NYCRR 202.16(e) and is expressly not directed or extended to the opposing party herein.

PLEASE TAKE FURTHER NOTICE that the opposing party may not and should not rely upon this Attorney Certification in assessing the truth or validity of the information contained in the annexed document. The credibility of this submission is no greater than the credibility of the client represented by the undersigned attorney and the opposing party should give this document no greater credence merely because it bear this Attorney Certification.

Dated: September 6, 2023

_____
Gustave J. DeTraglia Jr., Esq.

## CLIENT CERTIFICATION

I, **TAUBERT ELECTRIC MOTORS, LLC, by Thomas Taubert, Owner**, DO HEREBY CERTIFY, under penalty of perjury, that I have carefully read and reviewed the annexed SUMMONS AND COMPLAINT, and that all information contained in such document is true and accurate in all respects to the best of my knowledge and understanding.

I FURTHER CERTIFY, under penalty of perjury, that neither my attorney, nor anyone acting on my attorney's behalf, was the source of any of the information contained in the annexed document; that I provided all of the information contained in the annexed document to my attorney; and that I understand that my attorney, in executing the Attorney Certification required by 22 NYCRR 202.16(e) is relying entirely upon the information provided by me and upon my certification that all such information is true and accurate.

I FURTHER CERTIFY, that the annexed document included all information which I have provided to my attorney which is relevant to such document and that my attorney has not deleted, omitted or excluded any such information.

Dated: September 6, 2023

_____
**TAUBERT ELECTRIC MOTORS, LLC**
**By: Thomas Taubert, Owner**

STATE OF NEW YORK   )
COUNTY OF ONEIDA    ) ss.:

I, **TAUBERT ELECTRIC MOTORS, LLC, by: Thomas Taubert, Owner**, being duly sworn deposes and says: I am the Plaintiff in the action herein; I have read the annexed SUMMONS AND COMPLAINT and know the contents thereof and the same is true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

_____
**TAUBERT ELECTRIC MOTORS, LLC**
**By: Thomas Taubert, Owner**

Sworn to before me this 6th day of September, 2023.

_____
Notary Public
My Commission Exp: 1/31/2027

GUSTAVE J. DE TRAGLIA, JR.
Notary Public, State of New York
Reg. No. 02DE4527463
Appointed in Oneida County
My Commission Expires 01/31/2027

6